1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

JARRIEL JAMES SCOTT,

Defendant.

Case No. 3:23-cr-00016-ART-CSD

JUDGE ANNE R. TRAUM'S
STANDING ORDER REGARDING
DISCOVERY IN CRIMINAL CASES

11   1. <u>Purpose</u>. The purpose of this order is to expedite the transfer of

12   discoverable material in criminal cases, ensure that delayed discovery and

13   disclosures do not infringe on a Defendant's right to a speedy trial or the timely

14   filing of dispositive motions. It is the intent of the court to encourage complete

15   and open discovery consistent with applicable statutes, case law, and rules of the

16   court at the earliest practicable time. Continuances may be required in any event

17   but delays in providing discovery should not alone necessitate the continuance

18   of motion deadlines and trial dates. Nothing in this rule should be construed as

19   a limitation on the court's authority to order additional discovery.

20   2. <u>Scope</u>. Circumstances falling outside the parameters of this Order shall be

21   handled on a case-by-case basis by appropriate motion.

22   3. <u>Initial Disclosures</u>. The Court presumes, unless otherwise advised, that the

23   Defendant requests information pursuant to Fed. R. Crim. P. 16(a).

24   4. <u>Meet and Confer</u>. Pursuant to Fed. R. of Crim. P. 16.1(a) the parties must

25   meet and confer no later than seven (7) days after arraignment and try to agree

26   on the scope, timing, and method of pretrial disclosure of discovery. The parties

27   shall file with the Court within 30-days a stipulation that sets deadlines by which

28   time the government will:

1

| Action | Deadline/s |
|---|---|
| Disclose all discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) | |
| Provide expert witness disclosures consistent with Federal Rule of Criminal Procedure 16(a)(1)(G)[1] | Case in Chief: Rebuttal: |
| Disclose Confidential Informants' identities (if applicable)[2] | |
| Disclose all information within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny without regard to materiality within the government's actual or constructive possession | |
| Disclose all responsive information within the scope of Federal Rule of Criminal Procedure 12.1; 12.2; 12.3 (if applicable) | |

The defense will:

| Action | Deadline |
|---|---|
| Provide expert witness disclosures consistent Federal Rule of Criminal Procedure 16(b)(1)(C) | |
| File written notice of an alibi defense, insanity defense, expert evidence of a mental condition, or public authority defense consistent with Federal Rule of Criminal Procedure 12.1; 12.2 and 12.3 | |

---

[1] Any proposed deadline must comply, at minimum, with the following: The government's expert disclosures are due at least sixty (60) days before trial. The government must also certify its compliance with amended Federal Rule of Criminal Procedure 16(b)(1)(C) when filing its expert disclosures. The Defendant's expert disclosures are due at least fourteen (14) days later. The government's rebuttal expert disclosures, if any, are due at least twenty-one (21) days later. If either party wishes to challenge an expert under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), or on any other ground, that party must file a motion within at least fourteen (14) days of the date the challenged expert disclosures are filed. Any response(s) to any such motion are due at least within fourteen (14) days, and any replies are due seven (7) days after the response(s).

[2] *See United States v. Montgomery*, 998 F.2d 1468 (9th Cir. 1993).

5. <u>Jencks Act materials</u>. Jencks Act materials and witnesses' statements shall be provided as required by Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500. However, the government and, where applicable, the Defendant are encouraged to make such materials and statements available to the other party sufficiently in advance of trial as to avoid any delays or interruptions.

6. <u>Rough notes</u>. The government shall advise all government agents and officers involved in the action to preserve all rough notes.

7. <u>Defendant's Disclosure</u>. Absent defendant's election not to receive discovery from the government, it is presumed the government requests discovery pursuant to Rule 16(b). The Court recognizes that the defense's disclosure obligations under Federal Rule of Criminal Procedure 16(b)(1)(A);(B) are restricted to what the defendant intends to use in its case in chief in trial. As such, discovery the defense is required to produce may depend upon the evidence and testimony adduced during the government's case in chief, but the Court encourages disclosure in a manner that minimizes delays or interruptions.

8. <u>Notices</u>. The government is encouraged to provide notice pursuant to Federal Rules of Evidence 404(b) and 609 at the earliest practicable time in a manner that minimizes delays or interruptions.

9. <u>Continuing duty to disclose</u>. If at any time a party identifies or obtains additional evidence not previously disclosed which is subject to discovery or inspection under this standing order, or any other applicable statutes, case law, and rules of the court such party shall promptly disclose its existence. (This order contemplates that there will be situations where a continuing investigation by either party uncovers relevant, discoverable evidence.)

10. <u>Status Conference</u>. If the parties are unable to reach an agreement regarding any aspect of this Order, the parties shall contact Judge Traum's Courtroom Deputy, Katie Sutherland (katie_sutherland@nvd.uscourts.gov) and ///

1    request a status conference.

2           DATED THIS 18th day of May 2023.

3

4           _____
            ANNE R. TRAUM
5           UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28